Spear, J.
The question argued is, is the surety in the undertaking, w7here the plaintiff fails, liable for costs in the common pleas? The record itself presents, also, a question as to his liability for costs made before the justice.
The proposition on which the contention of counsel for plaintiff in error rests is that a judgment w7hich may be the termination of an action is a final judgment, ending the controversy. Hence, w7here it is *285 provided, as in Section 6701, Eevised Statutes, that, “when a person, intending to bring an action before a justice of the peace, is a non-resident of the township in which he intends to commence such action, the justice may, previous to his issuing process, or at any time before trial, require such person to give security for the costs of suit, which may be done by depositing a sum of money deemed by the justice to be sufficient to discharge the costs that may accrue in the action, or by giving an undertaking with surety approved by the justice, payable to the adverse party, for the payment of all costs that may accrue in the action,” the “costs which may accrue in the action” includes all of the costs which accrue from the commencement of the suit until its final determination, even though it be appealed and finally tried in a court higher than that of the justice of the peace, where it was commenced.
Undoubtedly the term “judgment,” which is the final determination of the rights of the parties in action, implies a final judgment, and all of the costs of the action could not be ascertained until final judgment had been rendered, and if the section quoted is to be taken alone as expressive of the legislative will, then there is much force in the contention of plaintiff in error. But, it does not follow, necessarily, that the will and meaning of the laAV-making body is to be gathered from one section alone. On the contrary, we look to kindred sections upon the general subject, and expect to find the purpose expressed by a comparison of all of them.
Now, the subject matter in question is the securing by the plaintiff of the costs accruing in the court of common pleas. Eecurring to the section dealing with the securing of costs in that court, 5340, we find it provided that the plaintiff, if a non-resident of the *286 county, must furnish security for costs. As to a plaintiff, resident of the county, no such requirement is made. This applies as well to actions which may be appealed into that court as to those which are originally commenced there, and it is common practice for that court, in appeal cases as well as others, to require the plaintiff, if a non-resident of the county, to furnish security for costs. Turning again to Section 6701, we find that the requirement as to giving security for costs applies to every party plaintiff who is a non-resident of the township where the action is brought, irrespective of the fact of residence within the county. The construction contended for by plaintiff in error, therefore, would bring this result: A plaintiff resident of the county may bring his action in the court of common pleas without furnishing security for costs in that court, but he cannot prosecute an action before a magistrate in a township in the same county, but other than the township of his residence, without giving an undertaking whereby the surety is made liable for costs not only before the justice but in the common pleas as well, should it happen that the cause is appealed to that court. To put a plain instance: If the claim be $100, the plaintiff, a resident of the county, may bring his action in the court of common pleas without giving such security, although the defendant may live in a township other than the township of the plaintiff’s residence, whereas, if the claim of the same party against the same defendant is $99 he must give security which will be liable for costs in the common pleas, should the case be appealed, as well as in the court below. No reason for such distinction seems apparent.
Again, the liability expressed in Section 5310 is “the costs which may be adjudged against the plaintiff in the court in which the action is brought, or in *287 any other court to which it may be carried,” while in Section 6701 there is an absence of this provision, and it is but natural to assume that if the same extent of liability had been intended to be imposed on the surety in actions before a justice of the peace, such intention would have been expressed.
To the foregoing may be added another consideration, having some, though less, weight. When the defeated party before the justice of the peace desires to appeal he is required, by Section 6584, to enter into an undertaking to the adverse party with surety conditioned to prosecute the appeal to effect and without unnecessary delay, and that if judgment be adjudged against him on appeal he will satisfy the same with costs. In a case where the non-resident plaintiff appeals there would, if the proposition of plaintiff in error is correct, be two independent bonds securing the costs of the defendant, a result which it would seem improbable could have been intended by the lawmakers.
Our conclusion is that, while the question is not wholly free from doubt, yet the more reasonable construction of Section 6701 is that the term “action,” as there used, is confined to the action before the justice of the peace.
This construction seems to have been placed upon the statute by Judge Swan in his Treatise, page 28, and is believed to be the construction accepted by the bench and bar generally throughout the state.
But for the costs made before the justice in the original action the surety in the undertaking is liable, provided the defendant recovers judgment for costs against the plaintiff and the same cannot be made from such plaintiff himself, and this liability is not affected by the fact that such judgment for costs is rendered in the court of common pleas on appeal *288 rather than in the justice’s court. It appearing in the present case by the agreed submission that such judgment for costs in favor of the defendant in the original action, and against the plaintiff, was rendered on the final trial and that the plaintiff is insolvent, the surety is liable for the costs made before the justice of the peace, and the finding and judgment releasing hjm from all liability by the courts below is to that extent erroneous.
The judgment of the common pleas respecting the costs before the justice, and that of the circuit court affirming it, will be reversed, and judgment for costs before the justice entered here.

Reversed.